```
                     UNITED STATES DISTRICT COURT
                      MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION

DAVID ALAN BECK,

                  Plaintiff,

vs.                                    Case No.  2:12-cv-312-FtM-29SPC

DEPUTY RONALD BECK #2509 and CDFC
ROBART SLEDZINSKI #2283,

                  Defendant.
_____
```

## ORDER OF DISMISSAL

This matter comes before the Court upon review of the file. Plaintiff David Alan Beck, a pre-trial detainee[1] at the Charlotte County Jail who is proceeding *pro se*, initiated this action by filing a Civil Rights Complaint Form (Doc. #1, Complaint) pursuant to 42 U.S.C. § 1983 and exhibits (Doc. #1-1, Exhs.) attached thereto on June 5, 2012.  Plaintiff alleges violations of his constitutional rights stemming from the officers failure to follow "proper protocol" set forth in the Charlotte County Jail's operations manual.  See generally Complaint.  Although not the model of clarity, it appears that Defendants found marijuana on Plaintiff upon intake at the Charlotte County Jail.  Id.; see also Exh. 1 at 1.  Plaintiff appears to blame Defendants for finding the bag of marijuana that was hidden in Plaintiff's shoe and alleges that Defendants were required under the jail's operations manual to

---

[1] Based on Plaintiff's detention at the county jail, it appears Plaintiff is a pre-trial detainee.

conduct a pat down search of Plaintiff in the patrol car before arriving at the jail and therefore would not have been charged with possession of marijuana. Complaint at 13. As relief, Plaintiff seeks financial compensation. Id. at 16.

**I.**

At the outset, the Court notes that Plaintiff has neither paid the requisite $350.00 filing fee, nor filed a complete motion for leave to proceed *in forma pauperis*. See docket. The Court's June 5, 2012 Order informed Plaintiff that Local Rule 1.03(e)(M.D. Fla. 2009) directs the Clerk to accept for filing all prisoner cases filed with or without a filing fee or application to proceed *in forma pauperis*. See Doc. #3. However, the Court warned Plaintiff that his action will be dismissed, *sua sponte*, if the filing fee is not paid or the *in forma pauperis* application not filed within thirty days of the commencement of the action.

As of the date on this Order, Plaintiff has not filed a complete motion for leave to proceed *in forma pauperis*, or paid the filing fee, and the time to do so has expired. See docket. Consequently, this case is subject to dismissal based on Plaintiff's failure to comply with Local Rule 1.03(e) and failure to comply with the Court's June 5 Order.

**II.**

In the alternative, the Prison Litigation Reform Act requires that the Court review all complaints filed by prisoners against a

governmental entity to determine whether the action is "frivolous, malicious, or fails to state a claim upon which relief can be granted; or seeks monetary relief from a defendant who is immune from such relief." See 28 U.S.C. § 1915A(a), (b)(1), (b)(2).[2] In essence, § 1915A is a screening process to be applied *sua sponte* and at any time during the proceedings, but should be done "as soon as practicable." Wells v. Attorney Gen., Fla., No. 11-15549, 2012 WL 1255054 (11th Cir. Apr. 16, 2012). In reviewing a complaint, however, the Court accepts the allegations in the complaint as true, Boxer v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006), and applies the long established rule that pro se complaints are to be liberally construed and held to a less stringent standard than pleadings drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007)(citations omitted); Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003).

Pursuant to § 1915A, the Court "shall" dismiss the complaint, if, *inter alia*, it fails to state a claim upon which relief may be granted. See also § 1915(e)(2). The standards that apply to a dismissal under Fed. R. Civ. P. 12(b)(6) apply to a dismissal under §1915A. Leal v. Georgia Dep't of Corr., 254 F.3d 1276, 1278-79

---

[2] Plaintiff is cautioned that under section 1915(g), known as the "three strikes rule", if a plaintiff has initiated three actions as a pauper that have been dismissed as frivolous, malicious, or for failure to state a claim, then plaintiff is denied leave to proceed as a pauper on all future civil cases absent imminent danger.

(11th Cir. 2001). Under Rule 12(b)(6), the court views all allegations in the Complaint as true and construes them in the light most favorable to the Plaintiff. Pielage v. McConnell, 516 F.3d 1282, 1284 (11th Cir. 2008). The standard governing Federal Rule of Civil Procedure 12(b)(6) dismissals apply to dismissals under § 1915(e)(2)(ii). Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008); Mitchell v. Carcass, 112 F.3d 1483, 1490 (11th Cir. 1997). Section 1915(e)(2)(B)(ii) is identical to the screening language of § 1915A.[3] Thus, a complaint is subject to dismissal for failure to state a claim if the facts as plead do not state a claim for relief that is plausible on its face. Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007).

Conclusory allegations, however, are not entitled to a presumption of truth. Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937, 1951 (2009)(discussing a 12(b)(6) dismissal); Marsh v. Butler County, Ala., 268 F.3d 1014, 1036 n.16 (11th Cir. 2001). A claim is plausible where the plaintiff alleges facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft, 556 U.S. ___, 129 S. Ct. at 1949. The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that

---

[3] Plaintiff filed an incomplete motion for leave to proceed *in forma pauperis* in this action. Doc. #4. Thus it appears Plaintiff wishes to proceed *in forma pauperis* in this action and the Complaint is also subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).

discovery will reveal evidence" that supports the plaintiff's claim. Twombly, 550 U.S. at 556. Specifically, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (citations omitted). Thus, "the-defendant-unlawfully harmed me accusation" is insufficient. Ashcroft, 129 S. Ct. at 1949. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Id. Instead, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

### III.

Title 42 U.S.C. § 1983 imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." To state a claim under 42 U.S.C. § 1983, Plaintiff must allege: (1) Defendants deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998); U.S. Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir. 2001). In addition, Plaintiff must allege and establish an affirmative causal connection between the

defendant's conduct and the constitutional deprivation. Marsh, 268 F.3d at 1059; Swint v. City of Wadley, 51 F.3d 988 (11th Cir. 1995); Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994). A defendant who occupies a supervisory position may not be held liable under a theory of *respondeat superior* in a § 1983 action. Monell v. Dep't of Soc. Serv., 436 U.S. 658, 690-692 (1978); Quinn v. Monroe County, 330 F.3d 1320, 1325 (11th Cir. 2003); Farrow v. West, 320 F.3d 1235 (11th Cir. 2003).

Here, the Court finds Plaintiff's Complaint must be dismissed pursuant to § 1915A. Liberally construing Plaintiff's *pro se* Complaint, the Court cannot conceive of any violation of federal law or the United States Constitution. Plaintiff does not challenge the search that took place at the Charlotte County Jail. Instead, Plaintiff challenges the timing of the search. Specifically, the fact that the officers conducted a search and found the marijuana upon intake at the jail, instead of conducting a search before entering the patrol car. The Complaint alleges that the officers decision to search him at intake violated the Charlotte County Jail's policies and procedures. See Complaint. A violation of a jail's policies does not amount to a violation of the Constitution. Fischer v. Ellegood, 238 F. App'x 428, 431 (11th Cir. 2007). Nevertheless, the copy of the jail's policies that Plaintiff attaches to his Complaint reveal that Defendants did not

even violate these policies.  Consequently, the Court finds this action subject to dismissal pursuant to § 1915.

Additionally, Plaintiff seeks monetary damages for "mental and psychological inflictions" as relief.  Complaint at 16.  42 U.S.C. § 1997e(e) limits recovery for confined prisoners and provides "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  Plaintiff does not allege that he suffered any physical injuries.  See generally Complaint.  Thus, Plaintiff is not entitled to any monetary damages for emotional injuries against the Defendants in their individual capacities pursuant to § 1997e(e).

ACCORDINGLY, it is hereby

**ORDERED:**

1.   Plaintiff's Complaint is **DISMISSED without prejudice** pursuant to Local Rule 1.03(e), or pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2.   The **Clerk of Court** shall: (1) enter judgment accordingly; (2) terminate all pending motions; and (3) close the file.

**DONE AND ORDERED** at Fort Myers, Florida, on this   9th   day of July, 2012.

JOHN E. STEELE
United States District Judge

SA: alj
Copies: All Parties of Record